### THE STATE *vs.* BENJAMIN THOMPSON.

A petition was presented to the court of common pleas, founded upon the statute of February 8, 1791, sec. 5, praying an abatement of taxes, upon which petition the court ordered an abatement to be made ; it was held, that the order must be presumed to have been founded upon the facts stated in the petition, and that a want of jurisdiction in the court to abate upon the facts stated, was a good ground for granting a *certiorari.*

A RULE was obtained at September term, in this county, 1819, calling on *Thompson* to shew cause why a *certiorari* should not issue to the common pleas in this county, commanding them to certify the proceedings upon a petition of *Thompson*, praying an abatement in the taxes assessed upon him in 1817, in the town of Durham.

It appeared, that his petition was founded on the 5th section of the act of February 8, 1791,(1) which authorizes the selectmen to abate any taxes of any person applying for the same, provided sufficient reason for such abatement be shewn ; and if the selectmen refuse to make such abatement, the person conceiving himself aggrieved by any tax, may apply, by way of petition, to the court, &c. who are empowered to make such order on the premises as justice may require. Provided the court shall not have power to abate any taxes, excepting as to such articles and matters as the selectmen having the power of valuing, shall, in the judgment of the court, have overvalued. And *Thompson* alleged in his petition, that on or about the third day of April, 1817, he exhibited to the selectmen of Durham a true and perfect inventory of all his personal estate, liable by law to taxation in Durham that year, and was ready to make oath to the truth of the inventory thus exhibited. Yet the selectmen doomed him in the sum of $14,118 of money at interest, and bank stock more than was exhibited in the inventory, and more than he possessed ; by means whereof he was taxed that year $300 more than he ought to have been taxed. The

(1) 1 N. H. Laws 259.

The State
*vs.*
Thompson.

order of the court of common pleas was, " that the sum of " $50 in the assessment of the said *Benjamin Thompson's* " taxes, in his said petition mentioned, be and hereby is " abated."

*Ich. Bartlett*, for the state.

*Mason*, for *Thompson*.

RICHARDSON, C. J., delivered the opinion of the court.

Some doubts have been suggested by counsel, whether the order of the common pleas in this case is such judicial proceeding, that a certiorari lies to quash it ; and 2 *Strange* 432, *The King vs. the inhabitants of Tittoxeter*, was cited, in which case it was decided, that a certiorari would not lie to remove the poor's rate itself, the remedy being by appeal or by action, whereas if the rate itself should be removed, great inconveniences and delays would follow. But we have only to advert to the reasons upon which that decision rests, to perceive at once that it can have no bearing upon the present case. Indeed, this objection has only been intimated, and not very seriously urged, and we entertain no doubt that it must be overruled.

The application in this case for a certiorari is rested entirely upon the ground, that the common pleas had no authority to make the order ; and it is objected, that, if the common pleas had no jurisdiction, the order is void, and there is no occasion for a certiorari. But we are clearly of opinion that this objection cannot prevail. The power to issue certiorari is given to this court to keep inferior courts within the bounds of their jurisdiction.(1)  In the case of *The Commonwealth vs. The Bluehill Turnpike Corporation*,(2) he court quashed an order of the court of sessions, on the ground that the court had no authority to make the order.

(1) 2 Burrows 1042.— 1 Wm. Bl. 233.
(2) 5 Mass. Rep. 420.

It has also been contended, that the common pleas were authorized by law to make the order in question. As the application for the certiorari is founded altogether upon a supposed want of jurisdiction, if this objection to the certiorari's going is well founded in point of fact, it must, without question, prevail.

The order of the court of common pleas is founded upon *Thompson's* petition, and must be presumed to have been bottomed upon the facts there stated. The injury, alleged in the petition, was not, that any of his property had been overvalued, but that he had been taxed for property he did not possess. It is clear then, the court had no authority to order an abatement in his taxes. Their jurisdiction is expressly confined by the statute to cases of over-valuation of property. He is not without remedy. If he has been improperly taxed for property he does not possess, he can, without doubt, obtain redress by an action.

*Let the certiorari go.*