### GEORGE BRACKETT *vs.* SAMUEL L. WHIDDEN.

A warrant authorizing a collector of taxes to collect several taxes, separately assessed, may be considered as several warrants to collect the several taxes respectively.

In replevin, the defendant avowed the taking as a collector of taxes under several warrants, some of which were legal and some illegal ; it was held that the avowry was in the nature of a declaration, and sufficient to entitle the defendant to a return.

Replevin for four oxen, four steers, and one cow.

The defendant avowed the taking, by virtue of a warrant from the selectmen of Greenland, in this county, directed to him as collector of taxes for that town in the year 1819, to collect sundry taxes assessed upon the plaintiff that year, amounting in the whole to $150 73.

The cause was submitted to the decision of the court, upon the following facts.

The plaintiff was taxed by the selectmen of Greenland, as follows .

|                   |   |   |   |   |   |        |
|-------------------|---|---|---|---|---|--------|
| For state tax     | - | - | - | - | - | $16 74 |
| county tax        |   | - | - | - |   | 9 57   |
| school tax        | - | - | - | - |   | 30 48  |
| town tax          | - | - | - | - |   | 62 81  |
| minister tax      |   | - | - | - |   | 31 13  |

And a warrant, under the hands and seals of the selectmen, was delivered to the defendant, requiring him to collect the said several sums so assessed upon the plaintiff ; and notice was given to the plaintiff of the said sums more than fourteen days before the defendant proceeded to take the said cattle ; but the plaintiff paid only the sum of $27.

The selectmen of Greenland had a warrant from the state treasurer, and another from the county treasurer, to assess the state and county taxes ; but the town tax and minister tax were voted to be raised at a meeting, in the warrant for warning which there was no article for the raising of any money for any purpose whatever.

*Mason* and *I. Bartlett*, for the plaintiff.

*Cutts*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court

The statute of February 8, 1791, entitled " An act for " regulating towns and the choice of town officers," sec. 11, provides, that town meetings shall be held by virtue of a warrant under the hands and seal of the selectmen, and that " the said selectmen shall in such warrant insert the intent " and design of such meeting, and the subject-matter of all " business, matters and things to be considered and acted " upon at said meeting ; and nothing done at said meeting, " holden upon or by virtue of said warrant, shall be consider- " ed as good and valid in law, unless the subject-matter " thereof shall have been inserted as aforesaid." 1 *N. H. Laws* 243.

It is agreed in this case, that there was no mention of raising money in the warrant, under which the town meeting was held. The vote then to raise the town and minister taxes is a mere nullity.

Brackett
*vs.*
Whidden.

The selectmen are authorized to assess the school tax without any vote of the town on the subject, and it is agreed, that they had warrants from the state and county treasurers to assess the state and county taxes ; and for aught that appears, all these taxes were duly assessed. It is agreed, that all the several taxes assessed upon the plaintiff were assessed in distinct sums, and that the defendant had a warrant to collect the several sums thus assessed. And the defendant avows the taking for the purpose of collecting the said sums.

We entertain no doubt, that, although one warrant only was committed to the defendant, it may be considered as several warrants, authorizing him to collect each tax separately ; and had he made the seizure for the purpose of collecting the taxes only, which had been legally assessed, the warrant would have protected him. But the question is, when one general seizure is made for the purpose of collecting several taxes, some of which are legal and some illegal, whether the seizure is to be considered as legal or illegal ?

The case of *Crepps vs. Durden & another*, (*Cowp.* 640) is not in point, because it does not appear by the report, that there was only one general seizure on all the warrants. There may have been a several seizure on each warrant.

In the case of *Grenville vs. The College of Physicians*, (12 *Mod.* 386) it is said, that " if one distrains for an unjustifia- " ble cause, yet when he comes to avow, he need not insist " upon the cause for which he had distrained, but may justify " for any lawful cause, &c. and the cause for which the dis- " tress in truth was, is not traversable." And it is further said, in the same case, " Suppose one has a legal and an ille- " gal warrant, and arrests by virtue of the illegal warrant, " yet he may justify by virtue of the legal warrant." And in *Crowther vs. Ramsbottom*, (7 *D. & E.* 654) it was decided, that in trespass a defendant might justify under a sufficient legal process, although he declared at the time that he acted for another cause. *Comyn's Digest, Pleader* 3, *K.* 14.

It is settled, that trespass will not lie for an excessive distress. 1 *Burr.* 579, *Hutchins vs. Chambers.* There is, however, an exception to this rule, for where six ounces of

Brackett
*vs*
Whidden.

gold and a hundred ounces of silver were taken for six shillings and eight pence, the distress being on the face of it excessive, it was held trespass would lie. 1 *Burr.* 590.

In an action of trespass for imprisoning the plaintiff until he paid £11 10*s.* the defendant justified under a warrant to collect £11, and upon demurrer the plea was held bad. 2 *Mod.* 177, *Harding vs. Ferne & a.*—6 *D. & E.* 137, *Moore vs. Beamont.*

Where a collector of taxes seized and sold goods under several warrants, and it turned out that some of the warrants were for the collection of legal, and some for the collection of illegal taxes, the assessors were held liable in trespass. 15 *Mass. Rep.* 144, *Libbey vs. Burnham & a.*

The rules of law to be deduced from the adjudged cases, seem to be these :—If an arrest be made by virtue of several warrants, some illegal and some legal, if nothing more be done, the arrest may be justified by virtue of the legal warrant. But if the person arrested be detained a moment by virtue of the illegal warrant, it is a trespass. And where goods are seized by virtue of several warrants, some legal and some illegal, the naked seizure may be justified by the legal warrants, although more was seized than was necessary for the purposes of the legal warrants. But if the goods are sold under all the warrants, and the proceeds applied under all, trespass lies ; because, although the legal warrant might justify the seizure, it cannot justify the sale of the goods for the purpose of satisfying an illegal claim.

Such being the law, it is very clear, that, if the defendant had avowed the taking under the legal warrant only, he would have been entitled to judgment ; for it does not appear that he did any thing more than barely seize the goods. But the defendant in this case has avowed the taking for the purpose of collecting all the taxes assessed upon the plaintiff in the year 1819 ; and the question is, whether as some of the causes for which he avows the taking are insufficient, and some sufficient, he is entitled to judgment for a return ? An avowry is in the nature of a declaration, and its sufficiency is to be tested by the rules, which are applicable to declarations.

It has been settled, that if a man bring an action, and emand two things, and it appear by his own shewing, that he can have no action for one of them, his writ shall not abate ; but if it appear that he cannot have the writ he has brought for one thing, but may have another writ, his writ shall abate. 11 *Coke* 45, *Godfrey's case.*—1 *Saund.* 285, notes 7 & 8.—5 *D. & E.* 246, *Harrison vs. Barnby.*

In the present case, the plaintiff's state, county, and school taxes amounted to fifty-six dollars and seventy-nine cents ; he had paid only twenty-seven dollars : for the difference between these two sums the defendant had good cause of distress ; and we are of opinion, that although he has avowed the taking to be for a greater sum than was due, yet this will not prejudice him ; he stands on the same ground as a plaintiff who has brought his suit for more than is due ; and this shall not prevent him from recovering what is justly due

*Judgment for the defendant.*