## WALKER *vs.* COCHRAN and a.

Where, in the absence of an individual, a member of his family gives in his invoice, on the application of the selectmen, and it is received without objection, they cannot doom, as in case of neglect to give in an invoice, without notice that the invoice so given in is not satisfactory.

The clause in the statute authorizing the court of common pleas to abate taxes upon "such articles and matters as the selectmen having the power of valuing shall in the judgment of the court have overvalued," does not apply in a case where the selectmen have wrongfully doomed an individual, and assessed him for property which he does not possess.

Where the selectmen without right doom a person who is liable to taxation, and he is compelled, by a seizure of his property, to pay the tax, he may have a remedy in case, or trespass, at his election.

TRESPASS for taking and converting certain goods and chattels of the plaintiff.

The defendants pleaded the general issue, and filed a brief statement, setting forth that as selectmen and assessors of New-Boston, they assessed the plaintiff in the taxes of the town for the year 1830, and that the goods were taken as a distress for the non-payment of said taxes.

At the trial, in the common pleas, it appeared in evidence, that on the second day of April, 1830, the defendants called at the house of the plaintiff, in his absence, and that on inquiry for his invoice a member of his family gave in, among other stock, one cow, and two heifers three years old. The defendants taxed the plaintiff for two cows and two heifers, and on the trial offered evidence tending to prove that the plaintiff had two cows and two heifers, or that one of the creatures which the plaintiff alleged was a heifer three years old, had been wintered four winters.

The defendants also contended that if said heifer had been wintered three winters only, yet if they supposed at the time that she had been wintered four winters, and thereupon invoiced her as a cow, it was a case of over-valuation, for which this action could not be sustained. The court over-

ruled the objection, and instructed the jury that if the defend- <span style="float:right">Walker<br>*vs.*<br>Cochran & a.</span>
ants taxed the plaintiff for two cows, when but one was
given in, and when in fact the plaintiff had but one, it was
taxing the plaintiff for property he did not possess, and for
such illegal taxation this action might be maintained, even if
the defendants supposed that one of the heifers had been
wintered four winters.

The jury having returned a verdict for the plaintiff, the
defendants excepted to the foregoing directions, and moved
for a new trial.

*Farley* and *Dodge*, for the defendants.

1. No citizen can maintain an action against the select-
men for any injury by him sustained by over-taxation in
consequence of an over-valuation of any property which
they have the power of valuing to him.

When any new right is created by statute, which at the
same time provides a remedy for any infringement of it,
that remedy must be pursued, and no other. 3 *Mass.* 309 ;
6 *Mass.* 44 ; 6 *Pick.* 100 ; 4 *N. H. Rep.* 527 ; 1 *N. H. R.*
339 ; 5 *Pick.* 292 ; 12 *Mass.* 466 ; 11 *Mass.* 364. The
right of the selectmen to assess taxes is undoubtedly wholly
founded on statute. The statute of 1827, which authorizes
the assessment, has provided a cheap, easy and convenient
mode of redress in all cases of over-taxation. The 14th sec-
tion of the act (*N. H. Laws* 559) authorizes and empowers
the selectmen to abate in all cases, provided sufficient cause
is shown, and grants an appellate jurisdiction to the common
pleas in all cases of over-valuation of such articles and mat-
ters as the selectmen have the power of valuing. Here is
an adequate and complete remedy provided by statute. This
remedy is not against the selectmen. Of course they are
not liable, at least if they had the power of valuing the
creature in question ; and it is contended they had, for,

2. If the defendants after due inquiry were satisfied that
the plaintiff had two cows, though in fact he had but one, or

if they were satisfied that one creature taxed as a cow had been wintered four winters, though in fact it had been but three, in either case they had the power of valuing two cows to him.

It is absolutely essential that the selectmen should possess and exercise a sort of judicial discretion in ascertaining the amount of each one's property. Besides, it is very evident that the legislature intended that they should have the power of valuing the property of every individual. This is clear, from the provision of a remedy in cases of over-valuation. But as soon as they ascertain the quantity and kind of property, the law itself fixes its price. Ascertaining the quantity and kind is, then, equivalent to fixing its price, and the power of valuing which the statute contemplates.

No officer is liable for an error of judgment, in a case where he is called to exercise a judicial discretion.

In the present case, the defendants were called upon to determine whether the creature in question had been wintered three or four winters. Determining its age was valuing it. This power the statute gave them. It required an exercise of their judgment. And for an error in that they are not liable. This view of the case is supported by high authority. 10 *Mass. R.* 117; 5 *Mass.* 559; 6 *Pick.* 100; 1 *N. H. Rep.* 88.

3. If the plaintiff was liable to be taxed for any estate, trespass will not lie. If any action can be maintained it must be case.

*Gove* for the plaintiff.

PARKER, J. The plantiff's invoice was given in, and the selectmen had no right to doom. The plaintiff was not bound to remain at home the whole month of April in order to give it in personally. The selectmen do not appear to have given notice of any particular time and place when they would meet to receive the invoice of the inhabitants. They called at the house of the plaintiff, and one of his family, in

his behalf, gave in his invoice, it may be presumed by the plaintiff's authority. Had none been given in on account of his absence, probably they might have doomed him. 3 *Greenleaf* 300, *Mussey* vs. *White.* But as they received the invoice without objection, and never called upon the plaintiff further, or gave him any notice to appear, they could not tax him beyond the invoice so given in, even if it was erroneous, unless upon a discovery of some fraudulent concealment. 7 *N. H. Rep.* 122, *Tucker* vs. *Aiken & a.*

The invoice having been given in by a member of his family, and he having taken no measures to give in any other, he might (unless it was shown to have been done without his authority) be liable to a fourfold tax for any property fraudulently concealed; but that is not the case here. No attempt was made to assess him for property fraudulently concealed; but the selectmen proceeded, under the supposition that he possessed property not given in, to set down such property as if no invoice had been given in; or, in the language of the ancient law, to assess him according to their " will and doom." *Charters and Colony Laws* 70. . Having no right to doom, the plaintiff is entitled to a remedy.

But it was contended at the trial, and has been argued upon the case saved, that this is a case of over-valuation, and that the plaintiff's remedy is by application for an abatement. Several authorities have been cited on this point from the reports of Massachusetts, but we can derive little aid from them, on account of a difference in the statutes of the two states. The statute of that state under which those decisions were made, enacts, that if any person shall be aggrieved by being rated more than his proportion, he may apply to the assessors to make a reasonable abatement, and if they refuse so to do, such person may apply to the next court of general sessions of the peace, and, making it appear that he is *over-rated,* he shall be relieved by said court. 6 *Pick.* 98, *Osborn* vs. *The Inhabitants of Danvers ;* 7 *Mass.* 236, *Little* vs. *Greenleaf ;* 1 *Mass. Laws (ed.* 1807) 280.

The remedy there for over-rating is similar to that in this state for over-valuation.

The statute of July 7, 1827, sect. 14, (*N. H. Laws* 559) enacts that the selectmen may abate any taxes, provided sufficient reason for such abatement be shown ; "and if the selectmen deny or refuse to make such abatement, the person conceiving himself aggrieved by any tax or assessment, may apply by way of petition to the court of common pleas, in the same county, who are hereby empowered to make such order in the premises as justice may require." *Provided*, that such application be made within nine months, &c. "*And provided further*, that the court of common pleas shall not have power to abate any taxes, except as to such articles and matters as the selectmen having the power of valuing shall have over-valued, and as to sums set down by way of doomage for not giving an invoice where the person doomed was unable to give an invoice."

The proviso above cited clearly shows, that the power of the common pleas to abate does not extend to all cases where an individual is over-rated. It is to be exercised in cases where the selectmen, having the power of valuing the property, have over-valued it ; and in cases where a person has been doomed for not giving in an invoice, when in fact he was unable to give one.

The statute of December 16, 1812, establishing the rate at which polls and rateable estates shall be valued in making and assessing direct taxes, shows what is intended by over-valuation. It provided in many cases for the value, and left nothing to the judgment of the selectmen. Thus polls were "to be valued at one dollar and thirty cents" ; "cows that have been wintered four winters, each at twenty cents ; all neat stock, that have been wintered three winters only, each at ten cents." In these and like cases the selectmen had no power to make a valuation. Their duty was merely to ascertain what property of that description the individual possessed, and the statute fixed the value at which it was to be set down in the invoice, without any appraisal or valua-

tion by them.—But in relation to some other descriptions of property, a different mode was provided by the same statute. Buildings, with certain exceptions, and unimproved lands, were to be valued " at half of one per cent. of their real ' value ; all stock or property, whether of tanners, curriers, ' blacksmiths or other tradesmen, employed in the business ' of their trades, and all stock in trade of merchants, shop- ' keepers, or other traders, reckoning the same at the average ' value thereof for a year, at half of one per cent. ;"—" all ' chaises, sulkies, coaches, and other wheel carriages of ' pleasure, or for the conveyance of persons, at half of one ' per cent. of their real value."    *N. H. Laws* 551.    In these cases the selectmen had the power of valuing or appraising, the invoice value being fixed by the statute at half of one per cent. of the real value ; and it is to these and other cases where the selectmen are required to exercise a discretion in fixing a value, that the 14th section of the act of 1827, giving the common pleas jurisdiction, applies.    Having in such cases the power of valuing, if they err in their judgment, and over-value the property, the common pleas may abate, if the selectmen refuse to do so.

This power of abatement by the common pleas, or county court, in case of over-valuation, seems anciently to have been confined to the taxes of merchants who were assessed " according to the will and doom of the assessors," and found themselves over-valued.    *Charters and Colony Laws* 70.

Since this tax was assessed, a different mode of taking the invoice has been adopted, and the authority of the common pleas to abate, perhaps, thereby extended.

In other cases of injury, such as assessing an individual not liable, or assessing one who is liable, wrongfully, if the selectmen refuse to abate the only remedy is by action.    2 *N. H. Rep.* 236, *State* vs. *Thompson.*

But another point arises upon this case.    The plaintiff was liable to taxation in New-Boston, and had property subject to be taxed.    The selectmen have assessed upon the polls and estates no greater sum than they were authorized

to assess, but by wrongfully dooming the plaintiff he has been compelled to pay a larger share of the taxes than his legal proportion. Under these circumstances the defendants contend that if any action can be supported it should be case, and not trespass ; and *Little* vs. *Greenleaf*, 7 *Mass.* 239, which has been cited, contains an expression of the court which gives some countenance to such a position.

In *Willard* vs. *Wetherbee*, 4 *N. H. Rep.* 118, which was an action for dooming the plaintiff, and taxing him for more money at interest than he possessed or gave in, the declaration was in case, and no objection was taken.

But trespass is the proper remedy, if none of the property assessed is subject to the tax, or if the individual is not liable to taxation. 2 *D. & E.* 372, *Lord Amherst* vs. *Lord Somers ;* 11 *Mass. Rep.* 220, *Agry* vs. *Young ;* 5 *Mason* 504, *Thurston* vs. *Martin.* In such case the proceedings are regarded as void.

And so if selectmen doom where they have not authority to do it, the taxation, for the purpose of the remedy, may well be regarded as void. They have not in such case assessed the party upon an invoice given in by him, nor upon a legal dooming by themselves. The tax, therefore, lacks a legal foundation.

But farther—In *Stetson* vs. *Kempton*, 13 *Mass.* 272, the supreme court of that state held, that assessors who assessed a tax in pursuance of a vote for raising money which the town had not authority to pass, were liable in trespass to the individuals whose property was taken to satisfy such tax, and this notwithstanding there was included in such assessment other sums lawfully voted and raised by the town. Chief Justice Parker said, " where part of a tax is illegal, all 'the proceedings to collect it must be void ; as it is impossi- 'ble to separate and distinguish, so that the act should be in ' part a trespass, and part innocent."

So assessors cannot lawfully add more than five per cent. to the amount of any tax they are authorized to assess, and if they do trespass lies. 15 *Mass.* 144, *Libby* vs. *Burnham.*

" It is impossible," said the same judge, " to distinguish be- 'tween that part of a tax which might have been rightfully ' assessed, and that for which no authority is given, so that ' the assessment should be valid for one part, and void for ' another."

A similar decision was made, 2 *Green.* 375, *Huse* vs. *Merriam ; vide, also,* 1 *Green.* 339, *Elwell* vs. *Shaw ;* 3 *N. H. Rep.* 20, *Brackett* vs. *Whidden.*

The principles settled in the foregoing cases seem to apply to the present action. If the selectmen doom an individual who has caused an invoice to be duly given in, and thus tax him beyond the proportion he would have been liable to pay upon the invoice he gave in, and the taxes are collected by distress, the injury is of the same character as if they assess upon him and others a tax beyond the amount authorized by law, and collect it. In the one case the error affects an individual, and in the other it affects all the inhabitants individually. In both, persons are taxed beyond the amount for which they are legally liable. If their property is taken to pay the taxes thus wrongfully assessed, trespass seems to be an appropriate remedy.

It does not follow that an action on the case may not also be sustained. There are instances in which a party has an election to bring trespass or case. 3 *N. H. Rep.* 466, *Dalton* vs. *Favour, and cases there cited.*

And we are of opinion that in this case the plaintiff had an election to treat the wrongful assessment as the injury, and declare in case, or to treat the seizure of his property as the ground of action, and bring trespass.

We are inclined to think that in the latter form of action, the jury may rightfully consider the plaintiff's liability to some taxes in reduction of damages, so that the result will be the same in whatever form the action is brought.

In this case, as the verdict has been taken for a nominal sum, there must be

*Judgment for the plaintiff.*