## PERRY *vs.* BUSS & a.

The declaration alleged that the defendants illegally, and without right, made a tax or assessment upon the plaintiff's poll and estate.—*Held*, that this averment was not supported by evidence merely that they assessed a tax upon the plaintiff's poll and estate. There is no presumption arising from the mere fact of an assessment, that it is unlawful.

One whose person or property is seized to enforce the payment of a tax, may contest the legality of the tax, (if it be wholly wrongful,) by action either in *case* for the wrongful assessment, or in *trespass* for the seizure.

If he proceed in *case*, the unlawful assessment being the *gravamen* of the action, the particular matter in which the unlawfulness consists should be set forth, and proved specifically. Nor will the introduction of general averments of the illegality, &c. change the burden of proof.

CASE. The declaration alleged that the defendants, on the 2d day of April, 1842, under color and pretence of law, but illegally and without right, made a tax or assessment upon the plaintiff's poll, and real and personal estate, of the sum of sixty-

Perry *v.* Buss.

two dollars and seventy-four cents, and thereafter, on the same day, delivered said illegal assessment for forty-four dollars and eighty-one cents to one Benjamin Whiting, as a collector of taxes for the town of Temple, and the assessment for seventeen dollars and ninety-three cents, the residue of the said sum of sixty-two dollars and seventy-four cents, to one William Jewett, as a surveyor of highways for said town of Temple, with their warrants respectively directed to the said Whiting and the said Jewett, &c. It then set forth the command of the warrants, and arrests by the collector and surveyor for nonpayment of the taxes, by reason of which this plaintiff was compelled to pay them.

It was admitted upon the trial that the plaintiff was liable to be taxed for his poll and estate in Temple, in 1842, and that the defendants, as selectmen and assessors of Temple, assessed him for the sums set forth in his writ, and that they were paid by him as he had alleged in his writ. The plaintiff here rested his case, and insisted that it was the duty of the defendants to prove the legality of their proceedings in making the assessment, and that the plaintiff was legally liable to be assessed as aforesaid.

A verdict was taken for the defendants, subject to the opinion of this court upon the case, as above stated.

*Farley*, for the plaintiff. It does not appear that the plaintiff offered an account of his taxable property. The defendants ought to have shown that they gave public notice to the inhabitants to give in such account, or that they personally applied to the plaintiff for an account. Unless one of these things was done, or the plaintiff came voluntarily and gave an account, they had no right to tax him.

*G. Y. Sawyer*, for the defendants. We do not deny that the selectmen must proceed in one of the modes suggested by the plaintiff. But this action is *case*, in which the plaintiff complains of their doing or omitting to do some act. The plaintiff might have proceeded in *trespass*, and put us upon our justification; but in an action upon the case it is not sufficient to allege an illegal assessment; he must set forth the facts, and prove them as

alleged. 8 *N. H. Rep.* 166, *Walker* vs. *Cochran.* The illegality should be specially set forth. 7 *N. H. Rep.* 114, *Tucker* vs. *Aiken;* 9 *Ditto* 423, *Smith* vs. *Burley;* 10 *Ditto* 180.

PARKER, C. J. The declaration alleges that the defendants, illegally and without right, made a tax or assessment upon the plaintiff's poll and estate. There is no presumption arising from the mere fact of an assessment that it has been wrongfully made. On the contrary, the maxim is *omnia præsumuntur esse rite acta donec probetur in contrarium.*

Where the person of an individual has been arrested, or his property seized, in order to enforce the payment of a tax, the assessment of which was wholly wrongful, he generally has an election to treat the arrest as the immediate cause of the injury, and declare in trespass, or to treat the assessment upon which the warrant and arrest or seizure were founded, as the cause of action, and declare in case. Such are the cases where the party was not liable to the assessment of any tax, or where the party making the assessment had no authority to assess a tax. But if the authority exists to assess taxes, and the party was liable to some tax, then trespass may not be a proper remedy. 7 *Mass. R.* 236, *Little* vs. *Greenleaf & a.;* 5 *Ditto* 380, 384, *Pease* vs. *Whitney;* 2 *N. H. Rep.* 236, *The State* vs. *Thompson.*

Where the party assessed has an election, and treats the arrest or seizure as the ground of his action, the rules of pleading require him only to allege such arrest or seizure. By the usual form it is asserted to have been done with force and arms, but this does not require proof of actual violence. The *gravamen* of the action is the unlawful interference with the person or property of the plaintiff; and as the general rights of personal liberty and the possession of property are acknowledged and secured by the law, an interference with them is presumed *primâ facie* to be unlawful, and the plaintiff has only to prove the fact of such interference, to put his adversary upon his defence. The presumption that everything which has been done has been rightly transacted, is encountered and rebutted by the presumption that an actual interference with the person or property of an individual,

without his consent, is wrongful. Proving such interference in an action where that is the *gravamen*, the plaintiff has proved *primâ facie* all that he has alleged; and, in order to justify such an act, the other party must allege in pleading, where special pleading is required, and prove, where general pleading is allowed, all the circumstances necessary to show a right thus to interfere.

But, in the assessment of a tax merely, there is no such presumption of unlawfulness; for the assessment itself neither interferes with the person or property of the party assessed. If he treat the assessment as the cause of the injury, and declare in case, he cannot put himself upon any such general allegations and proof. It would not be sufficient to allege that the other party with force and arms, or that he unlawfully, assessed a tax against him. That would show no cause of action, and yet show an injury consequent upon it; but the unlawful assessment is the *gravamen.* Ordinarily, the particular matter in which the unlawfulness consists is set forth. It is not necessary at this time to inquire how particular the allegations in the declaration must be. If, as in this case, the declaration merely allege that the tax was unlawfully assessed, that allegation of unlawfulness, by reason of which the interference with the person or property of the plaintiff occurred, goes to the substance, and must be proved. There is no presumption of freedom from taxation, which interposes itself in favor of the party alleging the illegality. The assessment itself does not interfere with his personal liberty or property; and, where such interference is alleged as a consequence merely of the assessment of the tax, the proof of such arrest or seizure will not support the declaration, even with proof of the actual assessment of the tax. Its unlawfulness still remains to be shewn.

On the trial of this case it was admitted that the plaintiff was liable to be taxed for his poll and estate in Temple, in 1842; and that the defendants, acting as selectmen of that town, assessed him the sums mentioned in the writ. This is all the evidence. The plaintiff insists that the defendants were bound to prove the legality of their proceedings and their right to assess the plaintiff.

If this were so, it must be because the allegation in this declaration, that the assessment was illegal, had some tendency to prove itself, for there is nothing offered in evidence to support it.

There are very few averments of an affirmative character which possess such a quality. The authorities seem to have made an averment that a defendant had no license, in a prosecution for selling liquor without such license, an exception to the general rule; but these will not serve as precedents for this case.

It seems to be admitted, that if the plaintiff had set forth in his declaration the specific matter in which the illegality consisted, he would have been bound to prove it. By making the averment a general one, he cannot change the burden of proof.

*Judgment for the defendants.*