Chase *v.* Sparhawk.

---

## CHASE *v.* SPARHAWK & a.

A list of taxes, although contained in the same book with the warrant of the selectmen for the collection thereof, and although the warrant be under the hands and seals of the selectmen, and contain a direction to the collector to collect the taxes "in the list herewith committed," the same being in no other

way authenticated or signed by the selectmen, is not a list of taxes under the hands of the selectmen, within the meaning of the provisions of chap. 43, § 8, of the Revised Statutes.

The selectmen issuing such warrant, will be answerable, in an action of trespass, for the act of the collector in the seizure of property, for the enforcement of the collection of taxes, in pursuance of the direction contained in the warrant.

TRESPASS, for taking and carrying away a yoke of the plaintiff's oxen. Plea, the general issue, with a brief statement, setting forth that the defendants were selectmen of Conway, and that said oxen were taken for the payment of the plaintiff's taxes.

The defendants excepted to the form of the action, that it should have been case and not trespass.

The collector was called as a witness, and testified that he took the property and sold it for the plaintiff's taxes by the direction of the defendants; that he received from them a warrant, which he produced, and which appeared to be duly sealed and signed by the defendants, by virtue of which he took and sold the cattle. The warrant commanded him to collect the taxes "*in the list herewith committed.*" On inspecting the book in which the warrant was written, it was found that the list of taxes was in the same book, but the list was not signed by the selectmen.

The plaintiff's counsel then inquired of the defendants if this was the only list, and suggested, if it was, that they could not justify, as the statute expressly required that the list should be signed by the selectmen. On inquiry it was found that this was the only list, and the Court expressing an opinion that the list should be signed, a verdict was taken by consent for the plaintiff, on which judgment was to be entered, or the verdict to be set aside and a new trial granted, as the opinion of the Superior Court should be upon the questions arising upon the foregoing facts.

*Hobbs*, for the plaintiff.

The statute required the defendants to make a list of the taxes by them assessed, under their hands, and a warrant under their hands and seals, directed to the collector. Rev. Stat. chap. 43, § 8.

As the defendants did not make a list under their hands, they cannot justify. Where a statute requires the assessors to make and deliver to the collector a list of taxes under their hands, and a warrant under their hands and seals, a signing of the warrant is not sufficient, though both are on the same paper. *Colby* v. *Russell*, 3 Greenl. Rep. 227 ; *Foxcroft* v. *Nevins*, 4 Greenl. Rep. 72. Trespass may be maintained in this case. *Inglee* v. *Bosworth et al.* 5 Pick. Rep. 498, and cases there cited.`

*James Bell*, for the defendants.

I. As the collector had no authority from the defendants, except the warrant and list stated in the case, if it should be ˌheld that the list is not sufficiently authenticated, or made part of the warrant, he cannot be regarded as acting by order of the defendants, in collecting this tax, and the collector alone is liable, as if he had acted without any warrant.

II. The warrant and list were sufficient, as they constituted one instrument, and were signed by the defendants. The list immediately preceded the warrant, and was as well authenticated as if it had been incorporated into it. The design of the statute, which was to give certainty and authenticity to the warrant and list, was accomplished. The method adopted in this case, is believed to conform to the nearly uniform usage in this State, and this should be regarded in giving a construction to the statute.

The plaintiff, it is supposed, relies upon two decisions in Maine, (referred to at the trial,) neither of which is, as we conceive, applicable to the case, as they turn upon peculiar provisions in the statutes of that State, which are not found in ours.

In *Colby* v. *Russell*, 3 Greenl. Rep. 227, the Court give a construction to the provisions of the charter of a private corporation, authorizing the collection of assessments. As the act required the original assessment to be made, signed, and recorded, and then to be committed with a warrant to the collector, it was held, that the signature of the assessors to it was essential. The decision proceeds upon the ground, that the assessment is a distinct, independent act, which must be completed and recorded before the issuing of the warrant. There could be no recording

of the assessment, and no foundation for any of the proceedings, until the assessment was signed. This can have no application to a case arising under our statutes, which do not require the original assessment, but a new list, of which no previous record is to be made, to accompany the warrant.

The trial having been stopped before the defendants had an opportunity of introducing evidence in support of their justification, no question can arise in relation to the regularity of the assessment of the plaintiff's tax.

The remarks of the Court in *Colby* v. *Russell,* in relation to the want of evidence of the identity of the list of assessments, are not necessary to the decision.

In *Foxcraft* v. *Nevins,* 4 Greenl. Rep. 72, which is the other case relied upon by the plaintiffs, the Court merely apply the principles decided in the case just mentioned, to one arising under the statutes of Maine, containing similar provisions for the assessment and collection of public taxes.

Questions have often arisen in regard to what constituted a sufficient signing of wills and of other instruments required by the Statute of Frauds to bear the signature of a party, and the decisions in these cases, by a strong analogy, show the list of taxes in this case to have been sufficiently authenticated by the signature of the selectmen to the warrant. In the cases of bonds and of mortgages, the condition, though placed below the signature and attestation, or indorsed upon the instrument and not followed by a second signature, is regarded as part of the instrument. *Reed* v. *Draloe,* 2 Wend. Rep. 345. Sheph. Touchstone, 370 ; *Perkins* v. *Dibble,* 10 Ohio Rep. 433 ; and in the case of wills, the signature of the testator, written by him upon any part of it, is a sufficient signing.

In this case, as the list preceded the warrant in the same book, any signature, in addition to that of the warrant, would seem a mere unmeaning ceremony.

WOODS, J. The principal question raised by the case, relates to the sufficiency of the list of taxes committed to the collector, in virtue of which, in connection with the warrant of the defend-

12 *

ants, the property was taken, which forms the subject of the present action.

Chap. 43, § 8, of the Rev. Stat. provides, that "a list of taxes by them assessed shall be made by the selectmen under their hands, with a warrant under their hands and seals, directed to the collector of such town, requiring him to collect the same and to pay over to the State and county treasurers, and to the selectmen or town treasurer, such sums, at such times, as may be therein prescribed." Was such a list delivered to the collector as is required by the provisions of the act referred to? The act would seem to point out the duty of the selectmen, in relation to the matter under consideration, in a plain and explicit manner. Two distinct instruments are to be made out and delivered to the collector. The one is denominated a list of taxes, and is to be under the hands of the selectmen; the other a warrant under the hands and seals of the selectmen, directed to the collector, and directing him to collect the sums specified in the list accompanying it. The list of taxes, then, is to be under the hands of the selectmen, and the warrant is to be under the hands and seals of the same officers.

The instruments contemplated are therefore plainly to be complete, each in itself, independently of the other; each is to bear upon its face the official sanction of those town officers, and each in the particular form and manner of the authentication prescribed, differing from the other. The list of taxes is to be under the hands of the selectmen in their official capacity, while the warrant is to be under their hands in their official character, and is to bear the sanction of their seals also. The mere official signatures and seals affixed to the warrant, were not, in our opinion, a signing of the list of taxes referred to in the same, — they did not afford the sanction which the statute prescribes. They did not purport to be any thing but the signing and sealing of the warrant alone. The list was not then under the hands of the selectmen, as the statute requires. The statute clearly contemplates a succession of acts to be done by the selectmen. The taxes are first to be assessed, and a record thereof is to be made in a book of records of their doings, and such assessment, or a copy of it, is

to be recorded by the town clerk, &c. The making of the list of the taxes assessed, succeeds the assessment itself, and necessarily precedes in the order of duty, the making and delivery of the warrant to the collector, with the accompanying list of taxes.

The list, then, intended by the statute, we think, is to be a perfect list of the taxes assessed, bearing the evidence of the sanction of the selectmen, by being under their hands, and in no manner dependent upon, or requiring any aid from the warrant to be subsequently made, in order to its sufficiency and perfection as a list. The form of the lists of assessments adopted by the late Chief Justice Richardson, and to be found in his Town Officer, at pages 244, 245, indicates most distinctly his view of the statute requirements, in the particular under consideration. In the form there given, below the list of the names of the persons assessed and the sums severally assessed against each, is found a certificate that what precedes the certificate is a list of the assessments made by the selectmen, and the same is signed by them in their official capacity, and all this is followed by a warrant under the hands and seals of the selectmen. It is believed, also, that this is the form usually adopted in practice.

The language of the act seems to us plainly to require this sanction of the list, and it is adopted in the book of forms supposed by us to be in common use. The form adopted in this case, then, is sanctioned, neither by the obvious meaning of the act itself, nor by usage.

We do not feel warranted in allowing any essential departure from the strict requirements of the statute, as the same seem to be understood and practised, and when, as we think, the practice is in conformity with the intention of the act itself. When the provisions of the statutes are plain in their terms, they should be strictly complied with, unless it is seen that the plain purposes of them will be defeated, or that some great evil will result from a literal or strict construction.

We think the list should contain a certificate that the list committed to the collector is a list of the taxes assessed by the selectmen, and should be a distinct instrument, under their hands, and that the same is not to be regarded as being under their

hands, when not signed by them, but only referred to in the direction in the warrant to collect the list. This view is sustained by certain decisions in the Supreme Court in the State of Maine, in cases analogous to the present one.

In *Colby* v. *Russell et al.* 3 Greenl. Rep. 227, a question arose in reference to the sufficiency and legality of the list of an assessment, under a private statute, of a tax upon the plaintiff as one of the members of the corporation, known as the Fryeburg Canal. The act required the assessors to " make perfect lists of their assessments *under their hands* or the hands of a major part of them, and commit the same to the collector of said corporation, with a warrant under their hands and seals, in the manner hereinafter directed."

The assessment in question was not signed by either of the assessors, but in the same paper book which contained it, there was a warrant under the hands and seals of the assessors, requiring the collector, among other things, to " levy and collect the tax in the list herewith committed" to him. In that case, it was holden that the signing of the warrant, though it were on a leaf of the same book which contained the assessment, was not a proper and sufficient signing of the assessment, required to be committed to the collector, accompanying the warrant.

The case of *Foxcroft* v. *Nevens et al.* 4 Greenl. Rep. 72, was an action of debt upon a bond given by Nevens, on his being chosen collector of taxes for the town of New Gloucester, and conditioned that he should " well and truly collect all such rates, for which he should have *sufficient warrant* under the hands of the assessors, according to law, and pay the same into the treasury. The pleadings presented the question, whether the warrant delivered to the defendant Nevens, by the assessors, was a sufficient warrant. In support of the issue on his part, the plaintiff offered in evidence a book purporting to be a tax-book, or list, but wanting the signatures of the assessors, together with a warrant in legal form under the hands and seals of the assessors, annexed to the said tax-book or list, and directing the collector to collect the taxes mentioned in said list. The court say, " they (the assessors) were to commit rates or assessments to the col-

Chase *v.* Sparhawk.

lector, with a sufficient warrant for their collection. How this is to be done the statute prescribes. The assessments thus to be committed, are to be *under the hands of the assessors,* or a major part of them. It appears, in the case before us, that no assessments *under the hands of the assessors* were committed to the collector. This is an essential requisite, and cannot be dispensed with. The collector, therefore, was clothed with no sufficient authority to collect, by any compulsory method, any of the sums borne on the list which was put into his hands." These cases, as we regard them, go fully to sustain the view we have taken of the case before us. Indeed, we understand them as involving and deciding the exact question before us, namely, the sufficiency of the list of assessments, accompanying the collector's warrant, to make the warrant valid; as interpreting in the same manner, statutes similar in their provisions, and relating to the same subject-matter. In those cases as in this, the list of assessments was not signed at all, unless the signature at the end of the warrant was to be regarded as a signing of the list of assessments, also within the meaning and intent of the act. We think the reference to the list in the warrant, cannot be properly regarded as affecting the list at all. It could neither render it valid nor invalid. It could have no operation upon it, either to make it a good and sufficient list of assessments, or to render it insufficient. The warrant refers to the list, as being a list of itself already made, but it does not make it a list. It does not purport, nor is it intended to have any such operation upon it. Whether the list accompanying a warrant committed to a collector, is a sufficient list of assessments or not, is a matter to be determined, not by a reference to it as such in the warrant, which is an independent instrument, made for a specific and distinct purpose. Such mere reference can in no manner affect the character of the list.

The statute provides, as we have seen, for a list of assessments under the hands, and a warrant under the hands and seals of the selectmen; and we are clearly of the opinion that the list in the present case is not a list, under the hands of the selectmen, within the meaning of the statute; the same in no manner bear-

ing the sanction of their certificate or signatures upon it, showing it to be a list. We do 'not decide that in order to make a sufficient list, it is necessary that the same should be *subscribed* by the selectmen. It may perhaps be sufficient if their signatures are in some way prefixed to the list. It was decided in Massachusetts, where the statute authorizing submissions before justices of the peace requires that the demands claimed should be " under the hands " of the party making the claim, that when the signature of the party was prefixed to the demand in the following form, namely, " A. B. demands" &c., it was a demand under his hand within the meaning of the statute, the name being in the handwriting of the party. *Humphrey* v. *Strong*, 14 Mass. Rep. 262.

We think the provisions of the statute in the present case are quite clear, and whether any sufficient reason existed for the enactment, is not a question which this court have to settle. It is the province of the legislature to enact laws, and it is the duty of the court fairly to interpret them and declare their import. It is the opinion of the court, that the list in the present case was in no sense " under the hands " of the selectmen, and was accompanied by no proper certificate showing its character, and was, therefore, wholly insufficient; and that, for that cause, the defendants conferred upon the collector no sufficient authority for attaching the property in question, and are therefore liable for the injury which the plaintiff sustained, by reason of the attachment of the oxen, which are the subject of this action.

The defendants, in their warrant, directed the collector to collect the sums contained in what was denominated by them a list, committed to him with the warrant of the several persons named therein. The warrant sufficiently designated the plaintiff, and directed a portion to be collected of him. He was named in the so-called list. It is no ground of justification for the defendants that the list was so far defective that the act of the collector, which they directed, was illegal.

It is true the collector had no list properly and legally made, which he could be authorized by the selectmen to collect. Still they directed the collector to collect the sums mentioned in the list.

Chase *v*. Sparhawk.

committed to him, imperfect and insufficient as it was. In pursuance of that direction, the collector did the act of which complaint is made, and no doubt exists that the defendants are liable for the damages resulting therefrom. If the precept was unauthorized, and void for want of a sufficient list accompanying it, still the direction in it was a command of the defendants, and the act which was performed, was done in pursuance of it. The mere fact that the warrant in virtue of which the attachment was made was void, and did not duly authorize the act and justify the collector, and even that the collector was not bound to obey the direction in the warrant, cannot protect the defendants against the consequences of the act which they in fact directed to be done. The trespass being committed, both the agent and the person directing it, are liable. And in fact the defendants should be liable rather than the collector. The omission of duty being on their part, rather than on the part of the collector, the consequences should attend them also. *Batchelder* v. *Whipple*, 9 N. H. Rep. 229.

The exception taken at the trial to the form of the action cannot prevail. Whether an action on the case might have been maintained at the election of the plaintiff, need not now be determined. *Walker* v. *Cochran*, 8 N. H. Rep. 166 ; *Dalton* v. *Favour*, 3 N. H. Rep. 466.

We think it certainly clear that trespass was an appropriate remedy in the present case. The seizure of the property is properly treated as the ground of the action, and, being without legal authority, was a trespass in the collector, and so also in the defendants by whose order and direction it was made. The plaintiff might well regard the act of the collector as the act of the defendants, as he has done, and declare in trespass against them. *Henry* v. *Sargent*, 13 N. H. Rep. 321, and cases there cited.

And the case does not fall within the scope of the provisions of section 12, chap. 181, Rev. Stat., which prescribes, that an action upon the case only shall be commenced against an "officer for any damages arising from any default or misconduct in his office." Actions brought against collectors and other offi-

cers, to recover damages for acts done to the property or person of others, for which they have no legal authority, fall not within the purview of the act referred to. Such acts of trespass cannot be considered as a mere "default or misconduct in office." It was not the intention of the legislature to shield any class of officers against the ordinary consequences of unauthorized acts of trespass, either to the persons or property of others, committed under the guise of lawful authority not possessed.

The opinion of the court therefore, is, that there should be

*Judgment on the verdict.*